IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MARICAL, INC., ) <br> EUROPHARMA AS, and ) <br> EUROPHARMA INC. (CANADA) ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COOKE AQUACULTURE, INC., COOKE ) <br> AQUACULTURE USA, INC., TRUE ) <br> NORTH SALMON CO. LTD., TRUE ) <br> NORTH SALMON US, INC., TRUE ) <br> NORTH SALES US, INC., and ) <br> SALMONES CUPQUELAN S.A. ) <br> ) <br> Defendants. ) | C. A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs MariCal, Inc. ("MariCal"), Europharma AS, and Europharma Inc. (Canada), collectively "Plaintiffs", by and through their attorneys, hereby demand a jury trial and complain of Defendants Cooke Aquaculture, Inc. ("Cooke"), Cooke Aquaculture USA, Inc. ("Cooke USA"), True North Salmon Co. Ltd. ("True North Salmon"), True North Salmon US, Inc. ("True North US"), True North Sales US, Inc. ("True North Sales"), and Salmones Cupquelan S.A. ("Cupquelan"), collectively "Defendants," as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement resulting from Defendants' methods of raising and producing salmon, and importation of salmon raised by such methods into the United States, which infringe one or more claims of United States Patent No. 6,463,883 (the "'883

Patent"), United States Patent No. 6,475,792 (the "'792 Patent"), United States Patent No. 6,481,379 (the "'379 Patent"), and United States Patent No. 6,564,747 (the "'747 Patent") in violation of 35 U.S.C. §§ 271 and 295.  Copies of the '883, '792, '379, and '747 Patents are attached as Exhibits A, B, C, and D, respectively.

## THE PARTIES

2. MariCal, Inc. is a company organized and existing under the laws of Delaware with a place of business at 130 Middle St. 2nd Fl., Portland, Maine 04101.

3. Plaintiff MariCal is the lawful assignee of all right, title and interest in and to the '883, '792, '379, and '747 Patents.

4. Europharma AS is a corporation organized and existing under the laws of Norway with a place of business at Lufthavnveien 11, N-8370 Leknes, Norway.

5. Plaintiff Europharma AS is the exclusive licensee of the patent rights to the '883, '792, '379, and '747 Patents.

6. Europharma Inc. (Canada) is a wholly-owned subsidiary of Plaintiff Europharma AS and a sublicensee of the patent rights to the '883, '792, '379, and '747 Patents, with a place of business at Box 26, Lazo, British Columbia, Canada V0R 2K0.

7. Upon information and belief, Defendant Cooke Aquaculture, Inc. is a corporation organized and existing under the laws of Canada with a principal place of business at 874 Main St., Blacks Harbour, New Brunswick E5H 1E6, Canada. According to Cooke's website, "Over the years the company expanded its facilities, product lines and distribution networks to become the fully integrated corporation it is today with operations in New Brunswick, Prince Edward Island, Nova Scotia, Newfoundland, Maine, Chile and Spain as well as sales people in major

centers in the United States and Canada." Defendant Cooke, and its subsidiaries, regularly and persistently conduct business in Maine.

8. Upon information and belief, Defendant Cooke Aquaculture USA, Inc. is a wholly-owned subsidiary of Defendant Cooke and a corporation organized and existing under the laws of Maine with a principal place of business at 1333 Smalls Point Road, Machiasport, ME 04655. Defendant Cooke USA, and thus Defendant Cooke, owns numerous leases from the State of Maine to operate salt water fish pens used, *inter alia*, to raise salmon in Maine.

9. Upon information and belief, Defendant True North Salmon Co. Ltd. is a wholly-owned subsidiary of Defendant Cooke and a corporation organized and existing under the laws of Canada with a principal place of business at 874 Main St., Blacks Harbour, New Brunswick E5H 1E6, Canada.

10. Upon information and belief, Defendant True North Salmon US, Inc. is a wholly-owned subsidiary of Defendant True North Salmon, Co. Ltd. and a corporation organized and existing under the laws of Maine with a principal place of business at 1333 Smalls Point Road, Machiasport, ME 04655.

11. True North Salmon's, and thus Defendants', website states: "The True North Salmon Company has been providing fresh, naturally-raised, farmed Atlantic salmon to the U.S. and Canada for over 30 years. Our family-run company is the largest producer of fresh Atlantic salmon in North America, and we are a premier supplier of certified sustainable Atlantic salmon to leading supermarkets and restaurants across North America," which includes selling salmon in the State of Maine.

12. Defendant True North Salmon is the registered owner of the word marks "TRUE NORTH SALMON COMPANY" and "HERITAGE SALMON," both registered with the U.S.

Patent and Trademark Office and both used in commerce in the United States to market and sell salmon, including in Maine. According to a press release "True North Salmon is produced by Cooke Aquaculture Inc."

13. Upon information and belief, Defendant True North Sales US, Inc. is a wholly-owned subsidiary of Defendant Cooke and a corporation organized and existing under the laws of Maine with a registered agent at Eaton Peabody, 80 Exchange Street, Bangor, Maine 04401-1210. Upon information and belief, Defendant True North Sales markets and sells salmon on behalf of Defendant Cooke in Maine and elsewhere.

14. Upon information and belief, Defendant Salmones Cupquelan S.A. is a corporation organized and existing under the laws of Chile with a principal place of business at Vial 895, Puerto Montt, Chile, and a wholly-owned subsidiary of Defendant Cooke. Defendant Cupquelan exports its salmon products to the United States under the name "Heritage Salmon." According to a press release, "Salmones Cupquelan is marketed under the Heritage Salmon brand." Upon information and belief, Cupquelan markets and sells, via True North Sales and Cooke, its salmon in Maine.

## JURISDICTION AND VENUE

15. This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction pursuant to 35 U.S.C. §§ 271 *et seq*. and 28 U.S.C. §§ 1331 and 1338.

16. This Court has personal jurisdiction over each Defendant because, upon information and belief, each Defendant regularly conducts business in this judicial district and the Defendants' acts of patent infringement have occurred and are occurring within this judicial district.

17. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## RAISING SALMON

18. Upon information and belief, Defendant Cooke raises salmon in freshwater hatcheries and coastal sea pens that are owned and operated by Cooke in Canada and imports salmon raised at those facilities into the United States, including into the State of Maine.

19. According to Cooke's website, "Through its wholly-owned subsidiaries, Cooke Aquaculture processes and sells more than 160 million pounds of Atlantic salmon, . . . each year."

20. Upon information and belief, Defendant Cooke, through its subsidiary, Defendant Cupquelan, raises salmon in freshwater hatcheries and coastal sea pens that are owned and operated by Cooke in Chile, and imports salmon raised at those facilities into the United States, including into Maine.

21. Upon information and belief, Defendant Cooke grows salmon in sea pens located off the coast of Maine, including sea pens at Cooke's coastal facilities in Eastport, Maine.

22. Upon information and belief, Defendant Cooke processes salmon raised in its facilities in Canada at a processing center owned and operated by Cooke in Machiasport, Maine.

23. Upon information and belief, Defendant Cooke sells salmon raised in its facilities in Canada and in the State of Maine.

24. Upon information and belief, Defendant Cooke raises salmon by adding magnesium and calcium to water containing salmon in one or more of the freshwater hatcheries owned and operated by Defendants in Canada.

25. Upon information and belief, Defendant Cooke adds feed containing sodium chloride to water containing salmon, magnesium and calcium in one or more of the freshwater hatcheries owned and operated by Defendants in Canada.

26. Upon information and belief, Defendant Cooke imports salmon that were raised in Canada in freshwater containing added sufficient quantities of magnesium and calcium and a feed containing added sufficient quantities of sodium chloride, into the United States, including the State of Maine, where the fish either are grown further in coastal sea pens or are processed.

27. Upon information and belief, Defendant Cupquelan raises salmon by adding sufficient quantities of magnesium and calcium to water containing salmon in one or more of the freshwater hatcheries owned and operated by Defendants in Chile.

28. Upon information and belief, Defendant Cupquelan adds feed containing sufficient quantities of sodium chloride to water containing salmon, magnesium and calcium in one or more of the freshwater hatcheries owned and operated by Defendants in Chile.

29. Upon information and belief, Defendant Cupquelan exports salmon that were raised in Chile in freshwater containing added sufficient quantities of magnesium and calcium, and a feed containing added sufficient quantities of sodium chloride, to the United States.

30. Plaintiff MariCal and Defendant Cooke entered into a contract which expired in 2008 by its own terms, under which, *inter alia*, Cooke was granted a license to practice the processes claimed in MariCal's patents, including the '883, '792, '379, and '747 Patents asserted herein, and Cooke knew of and was aware of these MariCal patents and others at least as early as 2008.

## COUNT I

### (Patent Infringement of United States Patent No. 6,463,883)

31. Paragraphs 1 through 30 are incorporated by reference as if fully restated herein.

32. The '883 Patent was lawfully issued on October 15, 2002 with H. William Harris, Jr., David R. Russell, Jacqueline Nearing and Marlies Betka as the named inventors.

33. Defendants make, use, sell, offer to sell and/or import into the United States products, services, methods or processes, in this judicial district and elsewhere that infringe the '883 Patent directly and/or indirectly, under 35 U.S.C. §§ 271 and 295.

34. Defendants have had actual and/or constructive notice and knowledge of the '883 Patent and their infringement is willful.

35. Defendants have been and continue infringing one or more of the claims of the '883 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

36. Plaintiffs are entitled to recover damages adequate to compensate for the infringement.

## COUNT II

### (Patent Infringement of United States Patent No. 6,475,792)

37. Paragraphs 1 through 36 are incorporated by reference as if fully restated herein.

38. The '792 Patent was lawfully issued on November 5, 2002 with H. William Harris, Jr., David R. Russell, Jacqueline Nearing and Marlies Betka as the named inventors.

39. Defendants make, use, sell, offer to sell and/or import into the United States products, services, methods or processes, in this judicial district and elsewhere that infringe the '792 Patent directly and/or indirectly, under 35 U.S.C. §§ 271 and 295.

40. Defendants have had actual and/or constructive notice and knowledge of the '792 Patent and their infringement is willful.

41. Defendants have been and continue infringing one or more of the claims of the '792 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

42. Plaintiffs are entitled to recover damages adequate to compensate for the infringement.

## COUNT III

### (Patent Infringement of United States Patent No. 6,481,379)

43. Paragraphs 1 through 42 are incorporated by reference as if fully restated herein.

44. The '379 Patent was lawfully issued on November 19, 2002 with H. William Harris, Jr., David R. Russell, Jacqueline Nearing and Marlies Betka as the named inventors.

45. Defendants make, use, sell, offer to sell and/or import into the United States products, services, methods or processes, in this judicial district and elsewhere that infringe the '379 Patent directly and/or indirectly, under 35 U.S.C. §§ 271 and 295.

46. Defendants have had actual and/or constructive notice and knowledge of the '379 Patent and their infringement is willful.

47. Defendants have been and continue infringing one or more of the claims of the '379 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

48. Plaintiffs are entitled to recover damages adequate to compensate for the infringement.

## COUNT IV

### (Patent Infringement of United States Patent No. 6,564,747)

49. Paragraphs 1 through 48 are incorporated by reference as if fully restated herein.

50. The '747 Patent was lawfully issued on May 20, 2003 with H. William Harris, Jr., David R. Russell, Jacqueline Nearing and Marlies Betka as the named inventors.

51. Defendants make, use, sell, offer to sell and/or import into the United States products, services, methods or processes, in this judicial district and elsewhere that infringe the '747 Patent directly and/or indirectly, under 35 U.S.C. §§ 271 and 295.

52. Defendants have had actual and/or constructive notice and knowledge of the '747 Patent and their infringement is willful.

53. Defendants have been and continue infringing one or more of the claims of the '747 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

54. Plaintiffs are entitled to recover damages adequate to compensate for the infringement.

## JURY DEMAND

Plaintiffs respectfully request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, granting Plaintiffs the following relief:

(A) that this Court adjudge and decree that the '883, '792, '379, and '747 Patents are valid and enforceable against the Defendants;

(B) that this Court adjudge and decree that the Defendants have infringed and continue to infringe the '883, '792, '379, and '747 Patents and enjoin Defendants permanently from further infringement;

(C) that this Court order an accounting of all damages sustained by Plaintiffs as a result of the acts of infringement by the Defendants;

(D) that this Court enter an award to Plaintiffs of such damages as it shall prove at trial against Defendants that is adequate to compensate Plaintiffs for said infringement, said damages to be no less than a reasonable royalty together with prejudgment interest and costs;

(E) that this Court order an award to Plaintiffs of damages, enhanced damages due to willful infringement, attorneys' fees, and other fees and costs as provided by 35 U.S.C. §§ 284 and 285; and

(G) that this Court grant to Plaintiffs such other, further, and different relief as may be just and proper.

        PERKINS THOMPSON, P.A.

        /s/ David B. McConnell
        David B. McConnell
        Perkins Thompson, P.A.
        One Canal Plaza, 9th Floor
        Portland, Maine 04101
        Telephone: (207)774-2635
        Facsimile: (207)871-8026
        dmcconnell@perkinsthompson.com

        *Counsel for Plaintiffs*
        *MARICAL, INC., EUROPHARMA AS, AND*
        *EUROPHARMA INC.*

OF COUNSEL:

Brian T. Moriarty
John L. DuPré
HAMILTON, BROOK, SMITH
  & REYNOLDS, P.C.
155 Seaport Blvd.
Boston, Massachusetts 02210-3428
Telephone: 978.341.0036
Facsimile: 978.341.0136
brian.moriarty@hbsr.com
john.dupre@hbsr.com

Dated: September 15, 2014