**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| MARICAL, INC.; EUROPHARMA AS; and EUROPHARMA INC. (CANADA)<br><br>Plaintiffs,<br><br>v.<br><br>COOKE AQUACULTURE, INC.; COOKE AQUACULTURE USA, INC.; TRUE NORTH SALMON CO. LTD.; TRUE NORTH SALMON US, INC.; TRUE NORTH SALES US, INC.; and SALMONES CUPQUELAN S.A.<br><br>Defendants. | ) | Case No. 1:14-cv-366-JDL<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' ANSWER AND COUNTERCLAIMS**

Defendants Cooke Aquaculture, Inc.; Cooke Aquaculture USA, Inc.; True North Salmon Co. Ltd.; True North Salmon US, Inc.; True North Sales US, Inc.; and Salmones Cupquelan S.A. (collectively "Defendants") hereby answer the Complaint (Doc. No. 1) filed by Plaintiffs MariCal, Inc.; Europharma AS; and Europharma Inc. (Canada) (collectively "Plaintiffs").

**Nature of the Action**

1. Defendants admit that the Complaint purports to initiate an action for patent infringement, and that copies of the '883, '792, '379 and '747 Patents (collectively the "patents-in-suit") are attached as Exhibits A, B, C and D, respectively. Defendants deny any remaining allegations in paragraph 1 of the Complaint.

**Parties**

2. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint.

7. Defendants admit that Cooke Aquaculture, Inc. is a corporation organized and existing under the laws of Canada with a principal place of business at 874 Main St., Blacks Harbour, New Brunswick, Canada E5H 1E6. Defendants admit that the Cooke Aquaculture, Inc. website states, "Over the years the company expanded its facilities, product lines and distribution networks to become the fully integrated corporation it is today with operations in New Brunswick, Prince Edward Island, Nova Scotia, Newfoundland, Maine, Chile, Spain and Scotland as well as sales people in major centers in the United States and Canada." Defendants admit that Cooke Aquaculture, Inc.'s subsidiary True North Salmon Co. Ltd. is the parent company of True North Salmon US, Inc., which is the fish processing, sales and marketing division of Cooke Aquaculture USA, Inc.; and that Cooke Aquaculture USA, Inc. raises salmon in Maine. Except as expressly admitted, Defendants deny any remaining allegations of paragraph 7 of the Complaint.

8. Defendants admit that Cooke Aquaculture USA, Inc. is a corporation organized and existing under the laws of Maine with a principal place of business at 133 Smalls Point Road, Maciasport, Maine 04655. Defendants admit that Cooke Aquaculture USA, Inc. has

aquaculture leases from the State of Maine. Defendants admit that Cooke Aquaculture USA, Inc. is a subsidiary of True North Salmon US Inc.; True North Salmon US Inc. is a subsidiary of True North Salmon Co. Ltd.; and True North Salmon Co. Ltd. is a subsidiary of Cooke Aquaculture, Inc. Except as expressly admitted, Defendants deny any remaining allegations of paragraph 8 of the Complaint.

9. Defendants admit to the allegations of paragraph 9 of the Complaint.

10. Defendants admit to the allegations of paragraph 10 of the Complaint, except state that Defendant True North Salmon, Co. Ltd.'s principal place of business is at 133 Smalls Point Road, Machiasport, ME 04655.

11. Defendants admit that the True North Salmon Co. website states, "The True North Salmon Company has been providing fresh, naturally-raised, farmed Atlantic salmon to the U.S. and Canada for over 30 years. Our family-run company is the largest producer of fresh Atlantic salmon in North America, and we are a premier supplier of certified sustainable Atlantic salmon to leading supermarkets and restaurants across North America." Defendants admit that True North Salmon Co. sells salmon to customers in the United States, including in the State of Maine. Except as expressly admitted, Defendants deny any remaining allegations of paragraph 11 of the Complaint.

12. Defendants admit to the allegations of paragraph 12 of the Complaint.

13. Defendants admit that True North Sales US Inc. is a wholly-owned subsidiary of True North Maine Inc.; that both True North Sales US Inc. and True North Maine Inc. are subsidiaries of Cooke Aquaculture, Inc., that True North Sales US, Inc. is organized and existing under the laws of Maine with a registered agent at Eaton Peabody, 80 Exchange Street, Bangor, Maine 04402-1210, and that True North Sales US Inc. markets and sells salmon in Maine on

behalf of Cooke Aquaculture, Inc. and elsewhere. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 13 of the Complaint.

14. Defendants admit that Salmones Cupquelan S.A. is a corporation organized and existing under the laws of Chile with a principal place of business at Vial 895, Puerto Montt, Chile. Salmones Cupquelan S.A. is a subsidiary of Atlantis Chile Limitada, whose parent company is Salmones Holding, Inc., whose parent company is Cooke Chilean Investments Inc. Defendants admit that, according to a press release, "Salmones Cupquelan is marketed under the Heritage Salmon brand." Except as expressly admitted, Defendants deny any remaining allegations of paragraph 14 of the Complaint.

**Jurisdiction and Venue**

15. Defendants admit that this Court has jurisdiction over the subject matter of this action pursuant to 35 U.S.C. §§101 *et seq.*, and 28 U.S.C. §1338. Defendants deny any remaining allegations in paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint contains legal conclusions to which no answer is required. To the extent that an answer is required, Defendants do not contest the Court's personal jurisdiction for purposes of this action only.

17. Paragraph 17 of the Complaint contains legal conclusions to which no answer is required. To the extent that an answer is required, Defendants do not contest that venue is proper in this District for purposes of this action only.

**Raising Salmon**

18. Defendants admit the allegations of paragraph 18 of the Complaint.

19. Defendants admit that Cooke Aquaculture, Inc., through its subsidiaries, sells approximately 160 million pounds of Atlantic salmon each year. Except as expressly admitted, Defendants deny any remaining allegations of paragraph 19 of the Complaint.

20. Defendants admit that Salmones Cupquelan S.A. raises salmon in freshwater hatcheries and coastal sea pens. Except as expressly admitted, Defendants deny any remaining allegations of paragraph 20 of the Complaint.

21. Defendants admit that Cooke Aquaculture USA, Inc. grows salmon in sea pens located off the coast of Maine, including sea pens located off Eastport, Maine. Except as expressly admitted, Defendants deny any remaining allegations of paragraph 21 of the Complaint.

22. Defendants admit that Cooke Aquaculture, Inc. does, on occasion, process salmon raised in its facilities in Canada at a processing center owned and operated by Cooke Aquaculture US, Inc. in Machiasport, Maine. Except as expressly admitted, Defendants deny any remaining allegations of paragraph 22 of the Complaint.

23. Defendants admit the allegations of paragraph 23 of the Complaint.

24. Defendants admit that in the process of raising salmon, Cooke Aquaculture, Inc. may add magnesium and calcium to water containing salmon in one or more of the freshwater hatcheries that it owns and operates in Canada to harden the water and to, for example, treat fungus. Except as expressly admitted, Defendants deny any remaining allegations of paragraph 24 of the Complaint.

25. Defendants admit the allegations of paragraph 25 of the Complaint.

26. Defendants admit that Cooke Aquaculture, Inc. on occasion imports salmon that were raised in Canada in freshwater into the United States, including the State of Maine, where

the fish either are grown further in coastal sea pens or are processed. The remaining allegations contained in paragraph 26 are too vague and ambiguous to permit a response and, on that basis, are denied.

27. The allegations contained in paragraph 27 are too vague and ambiguous to permit a response and, on that basis, are denied.

28. The allegations contained in paragraph 28 are too vague and ambiguous to permit a response and, on that basis, are denied.

29. Defendants admit that Salmones Cupquelan S.A. exports salmon that were raised in Chile in freshwater to the United States. The remaining allegations contained in paragraph 29 are too vague and ambiguous to permit a response and, on that basis, are denied.

30. Defendants admit that MariCal, Inc. and Cooke Aquaculture, Inc. entered into a contract which expired in 2008. Except as expressly admitted, Defendants deny any remaining allegations of paragraph 30 of the Complaint.

**COUNT I (Patent Infringement of United States Patent No. 6,463,883)**

31. Defendants repeat and incorporate their responses to paragraphs 1 through 30 above as though fully set forth herein.

32. Defendants admit that U.S. Patent No. 6,463,883 (the "'883 Patent") issued on October 15, 2002 with H. William Harris, Jr., David R. Russell, Jacqueline Nearing and Marlies Betka as the named inventors. Defendants deny that the '883 Patent was lawfully issued. Except as expressly admitted, Defendants deny any remaining allegations of paragraph 32 of the Complaint.

33. With respect to 35 U.S.C. §295, paragraph 33 presumes a legal conclusion to which no answer is required. Defendants deny the remaining allegation of paragraph 33 of the Complaint.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

35. Defendants deny the allegations of paragraph 35 of the Complaint.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

**COUNT II (Patent Infringement of United States Patent No. 6,475,792)**

37. Defendants repeat and incorporate their responses to paragraphs 1 through 36 above as though fully set forth herein.

38. Defendants admit that U.S. Patent No. 6,475,792 (the "'792 Patent") issued on November 5, 2002 with H. William Harris, Jr., David R. Russell, Jacqueline Nearing and Marlies Betka as the named inventors. Defendants deny that the '792 Patent was lawfully issued. Except as expressly admitted, Defendants deny any remaining allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants deny the allegations of paragraph 40 of the Complaint.

41. Defendants deny the allegations of paragraph 41 of the Complaint.

42. Defendants deny the allegations of paragraph 42 of the Complaint.

**COUNT III (Patent Infringement of United States Patent No. 6,481,379)**

43. Defendants repeat and incorporate their responses to paragraphs 1 through 42 above as though fully set forth herein.

44. Defendants admit that U.S. Patent No. 6,481,379 (the "'379 Patent") issued on November 19, 2002 with H. William Harris, Jr., David R. Russell, Jacqueline Nearing and

Marlies Betka as the named inventors. Defendants deny that the ’379 Patent was lawfully issued. Except as expressly admitted, Defendants deny any remaining allegations of paragraph 44 of the Complaint.

45. Defendants deny the allegations of paragraph 45 of the Complaint.

46. Defendants deny the allegations of paragraph 46 of the Complaint.

47. Defendants deny the allegations of paragraph 47 of the Complaint.

48. Defendants deny the allegations of paragraph 48 of the Complaint.

**COUNT IV (Patent Infringement of United States Patent No. 6,564,747)**

49. Defendants repeat and incorporate their responses to paragraphs 1 through 48 above as though fully set forth herein.

50. Defendants admit that U.S. Patent No. 6,564,747 (the “’747 Patent”) issued on May 20, 2003 with H. William Harris, Jr., David R. Russell, Jacqueline Nearing and Marlies Betka as the named inventors. Defendants deny that the ’747 Patent was lawfully issued. Except as expressly admitted, Defendants deny any remaining allegations of paragraph 50 of the Complaint.

51. Defendants deny the allegations of paragraph 51 of the Complaint.

52. Defendants deny the allegations of paragraph 52 of the Complaint.

53. Defendants deny the allegations of paragraph 53 of the Complaint.

54. Defendants deny the allegations of paragraph 54 of the Complaint.

**Prayer for Relief**

55. Defendants further deny that Plaintiffs are entitled to any of the relief sought in the Complaint, or to any relief whatsoever.

**DEFENSES**

Defendants hereby assert the following defenses with knowledge as to their own actions and on information and belief with respect to the actions of others, and without undertaking or otherwise shifting any applicable burdens of proof. Defendants reserve the right to assert additional defenses, as warranted by facts learned through investigation including discovery in this case.

**Non-Infringement of U.S. Patent No. 6,463,883**

1. Defendants have not infringed, and currently do not infringe, any valid claim of the ’883 Patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

**Non-Infringement of U.S. Patent No. 6,475,792**

2. Defendants have not infringed, and currently do not infringe, any valid claim of the ’792 Patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

**Non-Infringement of U.S. Patent No. 6,481,379**

3. Defendants have not infringed, and currently do not infringe, any valid claim of the ’379 Patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

**Non-Infringement of U.S. Patent No. 6,564,747**

4. Defendants have not infringed, and currently do not infringe, any valid claim of the ’747 Patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

## Invalidity

### Invalidity of U.S. Patent No. 6,463,883

5. The claims of the ’883 Patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to §§101, 102, 103 and/or 112, and/or under the judicially created doctrine of obviousness-type double patenting.

### Invalidity of U.S. Patent No. 6,475,792

6. The claims of the ’792 Patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to §§101, 102, 103 and/or 112.

### Invalidity of U.S. Patent No. 6,481,379

7. The claims of the ’379 Patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to §§101, 102, 103 and/or 112, and/or under the judicially created doctrine of obviousness-type double patenting.

### Invalidity of U.S. Patent No. 6,564,747

8. The claims of the ’747 Patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to §§101, 102, 103 and/or 112.

### Unenforceability Under the Doctrine of Laches

9. The ’883, ’792, ’379 and ’747 Patents are unenforceable, in whole or in part, against Defendants under the doctrine of laches.

10. Plaintiffs knew or reasonably should have known of Defendants' methods of raising salmon in freshwater hatcheries since at least April 2008, when MariCal, Inc. and Cooke Aquaculture, Inc. terminated the license agreement, but Plaintiffs waited until September 2014 to file this lawsuit. This delay is unreasonable and prejudicial to Defendants.

**Unenforceability Under the Doctrine of Equitable Estoppel**

11. The '883, '792, '379 and '747 Patents are unenforceable, in whole or in part, against Defendants under the doctrine of equitable estoppel.

12. In the process of re-negotiating the license agreement originally executed by MariCal, Inc. and Cooke Aquaculture, Inc. in April 2006, Plaintiffs informed Defendants that Defendants' methods of raising salmon in freshwater hatcheries were not the methods claimed in Plaintiffs' patents. Defendants relied on Plaintiffs' statement, and Plaintiffs' filing of this lawsuit is prejudicial to Defendants.

**COUNTERCLAIMS**

For their counterclaims against Plaintiffs, Defendants state as follows:

**Parties**

1. Counterclaimant Cooke Aquaculture, Inc. is a corporation organized and existing under the laws of Canada with a principal place of business at 874 Main St., Blacks Harbour, New Brunswick, Canada E5H 1E6. Cooke Aquaculture, Inc.'s subsidiary True North Salmon Co. Ltd. is the parent company of True North Salmon US Inc., which is the fish processing, sales and marketing division of Cooke Aquaculture USA, Inc.; and Cooke Aquaculture USA, Inc. raises salmon in Maine.

2. Counterclaimant Cooke Aquaculture USA, Inc. is a corporation organized and existing under the laws of Maine with a principal place of business at 133 Smalls Point Road,

Maciasport, Maine 04655. Cooke Aquaculture USA, Inc. has aquaculture leases from the State of Maine.

3. Counterclaimant True North Salmon Co. Ltd. is a wholly-owned subsidiary of Cooke Aquaculture, Inc. and a corporation organized and existing under the laws of Canada with a principal place of business at 874 Main St., Blacks Harbour, New Brunswick E5H 1E6, Canada.

4. Counterclaimant True North Salmon US, Inc. is a wholly-owned subsidiary of True North Salmon, Co. Ltd. and a corporation organized and existing under the laws of Maine with a principal place of business at 1333 Smalls Point Road, Machiasport, ME 04655.

5. Counterclaimant True North Sales US, Inc. is a subsidiary of True North Maine Inc., a corporation organized and existing under the laws of Maine.

6. Counterclaimant Salmones Cupquelan S.A. is a corporation organized and existing under the laws of Chile with a principal place of business at Vial 895, Puerto Montt, Chile. Salmones Cupquelan S.A. is a subsidiary of Atlantis Chile Limitada, whose parent company is Salmones Holding, Inc., whose parent company is Cooke Chilean Investments Inc. Salmones Cupquelan S.A. exports salmon that were raised in Chile in freshwater to the United States.

7. On information and belief, Counterclaim-Defendant MariCal, Inc. is a company organized and existing under the laws of Delaware with a place of business at 130 Middle St. 2nd Fl., Portland, Maine 04101.

8. On information and belief, MariCal, Inc. is the assignee of the ’883, ’792, ’379 and ’747 Patents.

9. On information and belief, Counterclaim-Defendant Europharma AS is a corporation organized and existing under the laws of Norway with a place of business at Lufthavnveien 11, N-8370 Leknes, Norway.

10. On information and belief, Europharma AS is the exclusive licensee of the patent rights to the ’883, ’792, ’379 and ’747 Patents.

11. On information and belief, Counterclaim-Defendant Europharma, Inc. (Canada) is a wholly-owned subsidiary of Europharma AS and a sublicensee of the patent rights to the ’883, ’792, ’379 and ’747 Patents, with a place of business at Box 26, Lazo, British Columbia, Canada V0R 2K0.

**Jurisdiction and Venue**

12. This Court has jurisdiction over the subject matter of this action pursuant to 35 U.S.C. §§101 *et seq.*, and 28 U.S.C. §1338.

13. This Court has personal jurisdiction over MariCal, Inc. by virtue of its sufficient minimum contacts with this forum as a result of its place of business at 130 Middle St. 2nd Fl., Portland, Maine 04101, and by virtue of its having sought relief in this forum in connection with this dispute.

14. This Court has personal jurisdiction over Europharma AS by virtue of its having sought relief in this forum in connection with this dispute.

15. This Court has personal jurisdiction over Europharma, Inc. (Canada) by virtue of its having sought relief in this forum in connection with this dispute.

16. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

17. An immediate, real and justiciable controversy exists between Defendants and Plaintiffs as to whether the ’883, ’792, ’379 and ’747 Patents are invalid and not infringed by Defendants; and whether the ’883, ’792, ’379 and ’747 Patents are unenforceable, in whole or in part, against Defendants under the doctrines of laches and equitable estoppel.

**First Counterclaim – Declaratory Judgment of Non-Infringement of the ’883 Patent**

18. Paragraphs 1 through 17 of the Counterclaims are incorporated as though fully set forth herein.

19. Counterclaim-Defendants claim to be the owners of all right, title and interest in the ’883 Patent.

20. Counterclaim-Defendants have accused Defendants of infringing the ’883 Patent and have created a substantial, immediate and real controversy between the parties as to the non-infringement of the ’883 Patent.

21. Defendants have not infringed, and currently do not infringe, any valid claim of the ’883 Patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner; and Counterclaim-Defendants are entitled to no relief for any claim of alleged infringement.

**Second Counterclaim – Declaratory Judgment of Non-Infringement of the ’792 Patent**

22. Paragraphs 1 through 21 of the Counterclaims are incorporated as though fully set forth herein.

23. Counterclaim-Defendants claim to be the owners of all right, title and interest in the ’792 Patent.

24. Counterclaim-Defendants have accused Defendants of infringing the ’883 Patent and have created a substantial, immediate and real controversy between the parties as to the non-infringement of the ’792 Patent.

25. Defendants have not infringed, and currently do not infringe, any valid claim of the ’792 Patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner; and Counterclaim-Defendants are entitled to no relief for any claim of alleged infringement.

**Third Counterclaim – Declaratory Judgment of Non-Infringement of the ’379 Patent**

26. Paragraphs 1 through 25 of the Counterclaims are incorporated as though fully set forth herein.

27. Counterclaim-Defendants claim to be the owners of all right, title and interest in the ’379 Patent.

28. Counterclaim-Defendants have accused Defendants of infringing the ’883 Patent and have created a substantial, immediate and real controversy between the parties as to the non-infringement of the ’379 Patent.

29. Defendants have not infringed, and currently do not infringe, any valid claim of the ’379 Patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner; and Counterclaim-Defendants are entitled to no relief for any claim of alleged infringement.

**Fourth Counterclaim – Declaratory Judgment of Non-Infringement of the ’747 Patent**

30. Paragraphs 1 through 29 of the Counterclaims are incorporated as though fully set forth herein.

31. Counterclaim-Defendants claim to be the owners of all right, title and interest in the ’747 Patent.

32. Counterclaim-Defendants have accused Defendants of infringing the ’883 Patent and have created a substantial, immediate and real controversy between the parties as to the non-infringement of the ’747 Patent.

33. Defendants have not infringed, and currently do not infringe, any valid claim of the ’747 Patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner; and Counterclaim-Defendants are entitled to no relief for any claim of alleged infringement.

**Fifth Counterclaim – Declaratory Judgment of Invalidity of the ’883 Patent**

34. Paragraphs 1 through 33 of the Counterclaims are incorporated as though fully set forth herein.

35. Counterclaim-Defendants contend that the ’883 Patent is valid and have created a substantial, immediate and real controversy between the parties as the invalidity of the ’883 Patent.

36. The claims of the ’883 Patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and/or 112, and/or under the judicially created doctrine of obviousness-type double patenting, and Counterclaim-Defendants are entitled to no relief.

37. For example, the claims of the ‘883 Patent are invalid under 35 U.S.C. § 101 because the claims recite or involve laws of nature/natural principles and any additional elements/steps are purely conventional or routine in the relevant field.

**Sixth Counterclaim – Declaratory Judgment of Invalidity of the ’792 Patent**

38. Paragraphs 1 through 37 of the Counterclaims are incorporated as though fully set forth herein.

39. Counterclaim-Defendants contend that the ’792 Patent is valid and have created a substantial, immediate and real controversy between the parties as the invalidity of the ’792 Patent.

40. The claims of the ’792 Patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and/or 112 and Counterclaim-Defendants are entitled to no relief.

41. For example, the claims of the ‘792 Patent are invalid under 35 U.S.C. § 101 because the claims recite or involve laws of nature/natural principles and any additional elements/steps are purely conventional or routine in the relevant field.

**Seventh Counterclaim – Declaratory Judgment of Invalidity of the ’379 Patent**

42. Paragraphs 1 through 41 of the Counterclaims are incorporated as though fully set forth herein.

43. Counterclaim-Defendants contend that the ’379 Patent is valid and have created a substantial, immediate and real controversy between the parties as the invalidity of the ’379 Patent.

44. The claims of the ’379 Patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and/or 112, and/or under the judicially created doctrine of obviousness-type double patenting, and Counterclaim-Defendants are entitled to no relief.

45. For example, the claims of the ‘883 Patent are invalid under 35 U.S.C. § 101 because the claims recite or involve laws of nature/natural principles and any additional elements/steps are purely conventional or routine in the relevant field.

**Eighth Counterclaim – Declaratory Judgment of Invalidity of the ’747 Patent**

46. Paragraphs 1 through 45 of the Counterclaims are incorporated as though fully set forth herein.

47. Counterclaim-Defendants contend that the ’747 Patent is valid and have created a substantial, immediate and real controversy between the parties as the invalidity of the ’747 Patent.

48. The claims of the ’747 Patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and/or 112 and Counterclaim-Defendants are entitled to no relief.

49. For example, the claims of the ‘883 Patent are invalid under 35 U.S.C. § 101 because the claims recite or involve laws of nature/natural principles and any additional elements/steps are purely conventional or routine in the relevant field.

**DEFENDANTS’ PRAYER FOR RELIEF**

50. Defendants pray for the following relief:

a. That any and all relief requested by Plaintiffs, as set forth in the Complaint, be denied, and that the Complaint be dismissed with prejudice;

b. that this Court declare that the ’883 Patent; ’792 Patent; ’379 Patent and ’747 Patent are invalid; that this Court declare that Defendants have not infringed, directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner, any claim of any of the patents-in-suit;

c. that this Court declare that the ’883 and/or the ’379 Patents are unenforceable against Defendants under the judicially created doctrine of obviousness-type double patenting;

d. that this Court declare that the ’883, ’792, ’379 and ’747 Patents are unenforceable, in whole or in part, against Defendants under the doctrine of laches;

e. that this Court declare that the ’883, ’792, ’379 and ’747 Patents are unenforceable, in whole or in part, against Defendants under the doctrine of equitable estoppel;

f. that this case be declared exceptional pursuant to 35 U.S.C. § 285 and that the cost of this action and their attorneys’ fees be awarded to Defendants; and

g. that this Court grant such other and further relief to Defendants as this Court may deem just and equitable.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby demand trial by jury on all issues so triable.

COOKE AQUACULTURE INC., ET AL.

By its attorney,

Dated: December 4, 2014

/s/ Seth W. Brewster
Seth W. Brewster, Bar No. 3741
Attorney for Defendants,
Cooke Aquaculture Inc., Et Al.

EATON PEABODY
One Portland Square
PO Box 15235
Portland, ME 04112
(207) 274-5266
sbrewster@eatonpeabody.com

OF COUNSEL:

**FITZPATRICK, CELLA, HARPER & SCINTO**
Joshua I. Rothman
1290 Avenue of the Americas
New York, NY 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2014, I electronically filed the Defendants' Answer and Counterclaims with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: David B. McConnell (dmcconnell@perkinsthompson.com).

Dated: December 4, 2014

/s/ Seth W. Brewster
Seth W. Brewster