UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARICAL INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:14-cv-00366-JDL |
| | ) | |
| COOKE AQUACULTURE INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTIONS FOR ISSUANCE OF LETTERS ROGATORY**

The matter is before the Court on Plaintiffs' Motion for Order Issuing Letters Rogatory (ECF No. 120), as modified by substitute exhibits (ECF No. 126), and Defendants' Motion for Order Issuing Letters Rogatory (ECF No. 124). Through the motions, the parties request the production of evidence by the following Canadian entities who are not parties to this litigation and who are not subject to the compulsory process of this Court in the context of this litigation:

| | |
|---|---|
| Skretting Canada, Inc. | Corey Nutrition Company *d/b/a* Corey Aquafeeds |
| 46 Moore-Clark Drive | 136 Hodgson Road |
| St. Andrews, New Brunswick | Fredericton, New Brunswick |
| Canada E5B 3S7 | Canada E5B 3S7 |

**Legal Standard**

A letter rogatory, or letter of request, is "a formal request from a court in which an action is pending, to a foreign court to perform some judicial act." 22 C.F.R. § 92.54. Letters rogatory are commonly used to facilitate the taking of evidence from non-parties located in foreign jurisdictions. *Id.*; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248 n.1 (2004). In addition to document discovery and other forms of non-testimonial discovery, a letter rogatory may include a request for the deposition of a foreign witness. Fed. R. Civ. P. 28(b)(2). A letter rogatory requesting a deposition may issue "on appropriate terms after an application and notice"

and "without a showing that taking the deposition in another manner is impracticable or inconvenient." *Id.* "Requests rest entirely upon the comity of courts toward each other, and customarily embody a promise of reciprocity." 22 C.F.R. § 92.54.

This Court has inherent authority to issue letters rogatory and may issue letters rogatory directly to a foreign tribunal. 28 U.S.C. § 1781(b)(2). *Google Inc. v. Rockstar Consortium U.S. LP*, No. 4:13-cv-05933, 2014 WL 8735114, at *1 (N.D. Cal. Oct. 3, 2014). The decision to exercise that authority is a matter of discretion. *Triumph Aerostructures, LLC v. Comau, Inc.*, No. 3:14-CV-02329, 2015 WL 5502625, at *2 (N.D. Tex. Sept. 18, 2015); *Rockstar Consortium*, 2014 WL 8735114, at *1. A court generally will not weigh the evidence sought or predict whether the evidence will be obtained in the foreign jurisdiction. *Rockstar Consortium*, 2014 WL 8735114, at *1. However, "[j]udicial supervision of discovery should always seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987). Additionally, the Court's exercise of discretion is informed by the discovery standards set forth in Rule 26(b) of the Federal Rules of Civil Procedure. *Triumph Aerostructures, LLC*, 2015 WL 5502625, at *3. Rule 26 authorizes the following discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

**Analysis**

The parties seek discovery from two Canadian businesses that have supplied Defendants with feed used in Defendants' aquaculture operations. In particular, the parties request information regarding the composition of the feed the businesses supplied to Defendants. In this case, the material issues include the composition of the feed that Defendants have provided to their fish during the period of alleged infringement,[1] and whether feed produced before Plaintiffs filed their applications (limited to 1997 – 1999) would have met the specifications of the Patents-in-Suit, such that the use of said feed for the purposes identified in the Patents-in-Suit was understood in the prior art or was obvious to the person of ordinary skill in the art. The requested discovery thus is relevant to the claims, counterclaims, and defenses at issue in this action. Given that the parties' requests are designed to elicit relevant information, the requests are within the scope of discovery and, therefore, are presumptively appropriate,[2] are not unduly burdensome, and are not the product of improper motive.[3]

---

[1] Defendants have admitted, in response to interrogatories, that some of the feed they provide to their fish has come from Skretting and some from Corey Nutrition Company.

[2] "Just as an American court enforcing letters rogatory issued in a foreign court may limit enforcement of the order, foreign courts charged with enforcing letters rogatory may limit enforcement of the discovery device where appropriate." *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.,* 841 F. Supp. 2d 769, 794 (S.D.N.Y. 2012). *See also Triumph Aerostructures*, 2015 WL 5502625, at *15 ("[W]hether the discovery sought through a letter of request will be executed in light of possible limitations in foreign law is a matter appropriate for the foreign tribunal, rather than this Court, to determine.") (collecting cases).

[3] Plaintiffs object to Defendants' motion on the ground that Defendants have failed to demonstrate that they could not obtain the requested discovery from Skretting Canada or from Corey Nutrition through other means. While the availability of an alternative means of obtaining the requested information is a legitimate consideration, particularly "in the face of objections by foreign states," *Societe Nationale Industrielle Aerospatiale*, 482 U.S. 522, 544 n. 28 (1987), the Court is not convinced that the companies would voluntarily produce the information given that Plaintiffs have been unable to obtain the requested information through alternative means. In addition, the Court is not persuaded that the law requires a party prove it has exhausted alternative means of discovery before the Court grants a motion for issuance of a letter rogatory. Precedent suggests that the burden is on the party opposing the issuance to show "good reason" for the denial. *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 24, 26-27 (D. Conn. 2003) ("A party opposing issuance of a letter rogatory must show 'good reason' why such letter should not issue."); *DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990) ("Courts and commentators take the position that some good reason must be shown by the opposing party for a court to deny an application for a letter rogatory."). In any event, the Court concludes on this record that the information requested by both parties is not reasonably available by other means.

**Conclusion**

Based on the foregoing analysis, the Court grants Plaintiffs' Motion for Order Issuing Letters Rogatory (ECF No. 120) and Defendants' Motion for Order Issuing Letters Rogatory (ECF No. 124). The approved Letters Rogatory are attached to this Order.[4]

The parties may present their respective Letter Rogatory to the Court of Queen's Bench, New Brunswick, Canada, provided this Order and the Court's Consent Confidentiality Order are attached thereto.

**CERTIFICATE**

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of May, 2016.

---

[4] Plaintiffs and Defendants have proposed letters rogatory that overlap to some degree. Additionally, Defendants have proposed that the Court authorize Defendants to propound discovery apart from the letter rogatory. The Letters Rogatory authorized by this order set forth the areas of inquiry.

4