UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARICAL INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:14-cv-00366-JDL |
| | ) | |
| COOKE AQUACULTURE INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION FOR ISSUANCE OF LETTER ROGATORY**

The matter is before the Court on Plaintiffs' Amended Motion for Order Issuing Letters Rogatory (ECF No. 150). Through the motion, Plaintiffs request the production of evidence by the following Canadian entity, which is not party to this litigation and which is not subject to the compulsory process of this Court in the context of this litigation:

EWOS Canada Ltd.
7721 - 132 Street
Surrey, BC V3W 4M8
Canada

**Legal Standard**

A letter rogatory, or letter of request, is "a formal request from a court in which an action is pending, to a foreign court to perform some judicial act." 22 C.F.R. § 92.54. Letters rogatory are commonly used to facilitate the taking of evidence from non-parties located in foreign jurisdictions. *Id.*; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248 n.1 (2004). In addition to document discovery and other forms of non-testimonial discovery, a letter rogatory may include a request for the deposition of a foreign witness. Fed. R. Civ. P. 28(b)(2). A letter rogatory requesting a deposition may issue "on appropriate terms after an application and notice" and "without a showing that taking the deposition in another manner is impracticable or

inconvenient." *Id.* "Requests rest entirely upon the comity of courts toward each other, and customarily embody a promise of reciprocity." 22 C.F.R. § 92.54.

This Court has inherent authority to issue letters rogatory and may issue letters rogatory directly to a foreign tribunal. 28 U.S.C. § 1781(b)(2). *Google Inc. v. Rockstar Consortium U.S. LP*, No. 4:13-cv-05933, 2014 WL 8735114, at *1 (N.D. Cal. Oct. 3, 2014). The decision to exercise that authority is a matter of discretion. *Triumph Aerostructures, LLC v. Comau, Inc.*, No. 3:14-CV-02329, 2015 WL 5502625, at *2 (N.D. Tex. Sept. 18, 2015); *Rockstar Consortium*, 2014 WL 8735114, at *1. A court generally will not weigh the evidence sought or predict whether the evidence will be obtained in the foreign jurisdiction. *Rockstar Consortium*, 2014 WL 8735114, at *1. However, "[j]udicial supervision of discovery should always seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987). Additionally, the Court's exercise of discretion is informed by the discovery standards set forth in Rule 26(b) of the Federal Rules of Civil Procedure. *Triumph Aerostructures, LLC*, 2015 WL 5502625, at *3. Rule 26 authorizes the following discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

## Analysis

Plaintiffs seek discovery from EWOS Canada Ltd. According to Plaintiffs, EWOS supplied Defendants with feed used in Defendants' aquaculture operations. In particular, Plaintiffs request information regarding the composition of the feed EWOS supplied to Defendants. In this

case, the material issues include the composition of the feed that Defendants have provided to their fish during the period of alleged infringement,[1] and whether feed produced before Plaintiffs filed their applications (limited to 1997 – 1999) would have met the specifications of the Patents-in-Suit, such that the use of said feed for the purposes identified in the Patents-in-Suit was understood in the prior art or was obvious to the person of ordinary skill in the art.  The requested discovery thus is relevant to the claims, counterclaims, and defenses at issue in this action.  Given that Plaintiffs' requests are designed to elicit relevant information, the requests are within the scope of discovery and, therefore, are presumptively appropriate,[2] are not unduly burdensome, and are not the product of improper motive.

## Conclusion

Based on the foregoing analysis, the Court grants Plaintiffs' Amended Motion for Order Issuing Letters Rogatory (ECF No. 150).  The approved Letter Rogatory is attached to this Order.  Plaintiffs may present their Letter Rogatory to the Supreme Court of British Columbia, Canada, provided this Order and the Court's Consent Confidentiality Order are attached thereto.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of July, 2016.

---

[1] Defendants have admitted, in response to interrogatories, that they have obtained some of the feed they provide to their fish from EWOS.

[2] "Just as an American court enforcing letters rogatory issued in a foreign court may limit enforcement of the order, foreign courts charged with enforcing letters rogatory may limit enforcement of the discovery device where appropriate." *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 794 (S.D.N.Y. 2012).  *See also Triumph Aerostructures*, 2015 WL 5502625, at *15 ("[W]hether the discovery sought through a letter of request will be executed in light of possible limitations in foreign law is a matter appropriate for the foreign tribunal, rather than this Court, to determine.") (collecting cases).