UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARICAL INC., et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:14-cv-00366-JDL |
| | ) | |
| COOKE AQUACULTURE INC., et al., | ) | |
| | ) | |
| | ) | |
|     Defendants | ) | |

**ORDER ON MOTION FOR ISSUANCE OF LETTER ROGATORY**

The matter is before the Court on Plaintiffs' Motion for Order Issuing Letters Rogatory. (ECF No. 219.)  Through the motion, Plaintiffs seek assistance from the Supreme Court of Newfoundland and Labrador, Canada, to obtain testimony from an individual (Jean Willcott, P.O. Box 237, Milltown, NL, Canada), who is not a party to this litigation and who is not subject to the compulsory process of this Court in the context of this litigation.

**Background**

According to the parties' submissions, Ms. Willcott worked for Defendant Cooke Aquaculture as a senior technician at Cooke's Swanger Cove Hatchery.  Sometime prior to the commencement of this litigation, Cooke's CEO, Glenn Cooke, appeared in an episode of Undercover Boss Canada, with Ms. Willcott.  During the show, Ms. Willcott informed Mr. Cooke about various aspects of hatchery operations.  In addition, Mr. Cooke assisted Ms. Willcott with the task of pouring bags of magnesium chloride and calcium chloride into tanks containing salmon.

Plaintiffs allege the activity depicted on the program (pouring "PVCR modulators" into the tanks) infringed the patents-in-suit.  Plaintiffs seek to question Ms. Willcott about several matters, including the salts and the feed used in Cooke's operations at the Swanger Cove Hatchery.  Plaintiffs argue that Ms. Willcott's anticipated testimony is highly relevant and cannot be obtained from another witness because Mr. Cooke has testified that he has no recollection of the specific events that transpired during filming of the Undercover Boss program.

Plaintiffs previously noticed Ms. Willcott's deposition for December 2016, in Portland, Maine.  (ECF No. 219-9.)  At that time, Defendants informed Plaintiffs that Ms. Willcott was on disability leave and not available for deposition.  (ECF No. 228-5.)  Defendants further advised that they expected Ms. Willcott's leave to continue for several months and, therefore, they "consider[ed] the issue closed."  (*Id.* at 11.)

On January 10, 2017, the Court issued an order regarding discovery.  The Court extended the deadline for the close of fact discovery to February 28, 2017, and advised the parties (1) that "[a]bsent extraordinary circumstances, the Court is not inclined to extend further the deadlines" and (2) "that absent some excusable circumstance, discovery initiatives must be undertaken so that the response of the opposing party is filed prior to the discovery deadline."  (ECF No. 196.)

On March 24, 2017, the Court authorized Plaintiffs to file a motion requesting a letter rogatory to obtain Ms. Willcott's testimony, but did so without prejudice to Defendants' ability to oppose the motion.  As of the March 24 conference, the deadline for

completion of fact discovery had closed, but the Court conducted the hearing to consider all remaining issues concerning fact discovery.

## Legal Standard

A letter rogatory, or letter of request, is "a formal request from a court in which an action is pending, to a foreign court to perform some judicial act." 22 C.F.R. § 92.54. Letters rogatory are commonly used to facilitate the taking of evidence from non-parties located in foreign jurisdictions. *Id.*; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248 n.1 (2004). In addition to document discovery and other forms of non-testimonial discovery, a letter rogatory may include a request for the deposition of a foreign witness. Fed. R. Civ. P. 28(b)(2). A letter rogatory requesting a deposition may issue "on appropriate terms after an application and notice" and "without a showing that taking the deposition in another manner is impracticable or inconvenient." *Id.* "Requests rest entirely upon the comity of courts toward each other, and customarily embody a promise of reciprocity." 22 C.F.R. § 92.54.

This Court has inherent authority to issue letters rogatory and may issue letters rogatory directly to a foreign tribunal. 28 U.S.C. § 1781(b)(2). *Google Inc. v. Rockstar Consortium U.S. LP*, No. 4:13-cv-05933, 2014 WL 8735114, at *1 (N.D. Cal. Oct. 3, 2014). The decision to exercise that authority is a matter of discretion. *Triumph Aerostructures, LLC v. Comau, Inc.*, No. 3:14-CV-02329, 2015 WL 5502625, at *2 (N.D. Tex. Sept. 18, 2015); *Rockstar Consortium*, 2014 WL 8735114, at *1. A court generally will not weigh the evidence sought or predict whether the evidence will be obtained in the foreign jurisdiction. *Rockstar Consortium*, 2014 WL 8735114, at *1. However, "[j]udicial

supervision of discovery should always seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987). Additionally, the Court's exercise of discretion is informed by the discovery standards set forth in Rule 26(b) of the Federal Rules of Civil Procedure. *Triumph Aerostructures, LLC*, 2015 WL 5502625, at *3. Rule 26 authorizes the following discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Because Plaintiffs' request also requires an extension of the deadline for completion of fact discovery and a modification of the ten-deposition limit stated in the scheduling order, Plaintiffs' request must also satisfy the good cause standard of Rule 16. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").[1] The good cause standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004).

---

[1] Plaintiffs' contention that the deposition of Ms. Willcott is not subject to the 10-deposition limit of the Scheduling Order because the limit does not apply to "international letters rogatory" and because "there is no limit on the number of third party depositions" (Reply at 5, ECF No. 237) is unavailing.

**Analysis**

Before the expiration of the applicable discovery deadline, Plaintiffs noticed the deposition of Ms. Willcott and communicated on more than one occasion with Defendants' counsel about Plaintiffs' request to conduct Ms. Willcott's deposition. The Court rules not only encourage, but require, the parties obtain permission of the Court to file a discovery motion only after the parties have been unable to resolve the matter. D. Me. Local Rule 26(b). Consistently, Defendants informed Plaintiffs that Ms. Willcott was out of work on disability and thus unavailable for a deposition.

Given that Ms. Willcott is one of two individuals depicted in a program in which alleged infringing conduct occurred, the Court cannot conclude Plaintiffs' efforts to obtain her testimony are unreasonable or that her anticipated testimony is not relevant despite the discovery conducted to this point in the case. In addition, while Plaintiffs' failure to seek a letter rogatory earlier is concerning, given Plaintiffs' attempt to conduct the deposition within the discovery period, and given that Plaintiffs were informed that Ms. Willcott was unavailable due to a disability, the Court finds good cause to authorize an additional deposition beyond the discovery deadline.

The Court nevertheless is uncertain whether Ms. Willcott's disability would prevent her from appearing for a deposition or that given her disability, the deposition would present an undue hardship for her. Accordingly, the Court will issue the letter rogatory attached as Exhibit A unless within 10 days of the date of this Order, Defendants show cause in writing that Ms. Willcott's disability prevents her from appearing for a deposition or that given her disability, the deposition would present an undue hardship for her.

## Conclusion

Based on the foregoing analysis, the Court grants Plaintiffs' Motion for Order Issuing Letters Rogatory (ECF No. 219) subject to Defendants' ability to show cause as set forth herein.

## NOTICE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of July, 2017.