UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| MARICAL, INC., et al., | ) | |
|---|---|---|
| Plaintiffs | ) | |
| v. | ) | 1:14-cv-00366-JDL |
| COOKE AQUACULTURE INC., et al., | ) | |
| Defendants | ) | |

**MEMORANDUM OF DECISION ON MOTIONS TO STRIKE
EXPERT REPORTS**

In this action, Plaintiffs and Counter-claim Defendants Marical Inc., Europharma AS, and Europharma Inc. Canada ("Plaintiffs"), allege that Defendants and Counter-claim Plaintiffs Cooke Aquaculture Inc., Cooke Aquaculture USA Inc., True North Salmon Co. Ltd., True North Salmon US Inc., True North Sales US Inc., and Salmones Cupquelan SA ("Defendants"), produce and import salmon raised by methods that infringe Plaintiffs' United States patents, which patents teach methods for raising pre-adult anadromous fish. (Complaint, ECF No. 1.) In their counterclaim for declaratory judgment, Defendants seek a judgment of invalidity and non-infringement. (Answer and Counterclaims, ECF No. 16.)

The matter is before the Court on the following discovery motions,[1] all of which seek to limit or preclude expert testimony based on the substance of the expert witness disclosures and/or timeliness considerations:

---

[1] By local rule, discovery motions require prior approval from the Court. D. Me. Loc. R. 26(b). The Court authorized the pending motions by order dated June 20, 2017. (ECF No. 250.)

Defendants' Motion to Strike New Contentions in [Steven H. Jury, Ph.D.'s] Reports (ECF No. 259);

Plaintiffs' Motion to Strike Portions of the Reports of Terrence M. Bradley, Ph.D. (ECF No. 263);

Plaintiffs' Motion to Strike the Expert Report of the Honorable Gerald J. Mossinghoff (ECF No. 264).

Following a review of the record, and after consideration of the parties' arguments, the Court denies the motions.

## DISCUSSION

Federal Rule of Civil Procedure 26 governs the duty to disclose information in discovery. As to expert witnesses, Rule 26 requires that a party disclose expert witnesses who may be used at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Expert disclosures ordinarily include the production of a written report prepared and signed by the expert witness. Fed. R. Civ. P. 26(a)(2). In this District, the deadline for expert designations in most cases, including patent cases, is established by a scheduling order. D. Me. Loc. R. 16.2(c).[2]

Under the governing procedural rules, parties have a duty to supplement information given by expert witnesses in their reports and at their depositions. Specifically, a party must supplement the expert witness disclosures at least 30 days prior to trial. Fed. R. Civ. P. 26(e)(2), (a)(3). Compliance with the deadline, however, is not the sole consideration

---

[2] The applicable scheduling order established the following relevant deadlines for expert witness designations: Deadline to Serve Opening Expert Reports by the Party Bearing the Burden of Proof: April 14, 2017; Deadline to Serve Rebuttal Expert Reports: May 29, 2017. (ECF No. 208.)

2

when determining whether to permit a party's supplemental designation. Ordinarily, a party cannot fundamentally change the substance of an expert witness's anticipated testimony through a supplemental designation. *SD3*, *LLC v. Rea*, 71 F. Supp. 3d 189, 194–95 (D.D.C. 2014); *Tripkovich v. Ramirez*, No. 2:13-CV-6389, 2015 WL 3849392, at *5 (E.D. La. June 22, 2015); *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, No. 6:06-CV-1757, 2008 WL 11342764, at *2 (M.D. Fla. Aug. 26, 2008).

Both parties contend that certain expert opinions should be stricken because the opinions were not adequately disclosed in, or are inconsistent with, prior responses to contention interrogatories posed to the party. The parties further argue that because fact discovery has closed, they are prejudiced by the newly disclosed opinions because the underlying facts upon which the opinions depend can no longer be "discovered."

Interrogatories that seek the bases of a party's claims or defenses are within the scope of permissible discovery. Pursuant to Rule 33,

> [a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Fed. R. Civ. P. 33(a)(2). Rule 26 provides that answers to interrogatories may be supplemented or corrected "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing …." Fed. R. Civ. P. 26(e)(1).

Based on these provisions, the Court is not persuaded by the parties' basic assertion that because an expert opinion is "new" when compared to a party's prior responses to contention interrogatories, the opinion is inherently subject to exclusion. While Rule 37(c) authorizes the Court to sanction the failure to disclose or the failure to supplement an earlier disclosure or response, the Rules also permit a party to supplement and correct its contentions. *See*, *e.g.*, *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33, 2016 WL 122969, at *1 (E.D. Tex. Jan. 9, 2016).

A. **Defendants' Motion to Strike New Contentions in [Steven H. Jury, Ph.D.'s] Reports (ECF No. 259)**

Defendants object to the following "new contentions" expressed in Dr. Steven Jury's reports:[3]

1. That the use of seawater as the only source of magnesium and calcium is not a method taught in the patents;

2. That the addition of tryptophan or other amino acids to feed requires the addition of "free" rather than "bound" amino acids;

3. That the percentage by weight of sodium chloride in feed can be calculated based on information on the feed label or "tag"; and

4. That there are secondary considerations of non-obviousness.[4]

---

[3] Expert Report of Steven H. Jury, Ph.D., Regarding Defendants' Infringement (ECF No. 256-3); Rebuttal Expert Report of Steven H. Jury, Ph.D., in Response to Defendants' Expert Report of Terrence M. Bradley, Ph.D. (ECF No. 256-4).

[4] A central issue in this case is whether the methods taught in the patents-in-suit were obvious. Secondary considerations are a factor in the obviousness inquiry.

> Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized

4

The Court is not convinced that the opinions fundamentally change the expert's opinion or constitute an improper supplementation of Plaintiffs' responses to Defendants' contention interrogatories. Instead, the opinions represent or constitute the continued development and modification of the expert's assessment and Plaintiffs' contentions, and the disclosures do not involve unfair surprise or result in unfair prejudice. As in most cases, the parties' theories and arguments evolve with the information generated in discovery. Defendants will have an opportunity to address the opinions in their reply expert report.[5]

**B.    Plaintiffs' Motion to Strike Portions of the Reports of Terrence M. Bradley, Ph.D. (ECF No. 263)**

Plaintiffs object to the following "new contentions" expressed in Dr. Terrence Bradley's reports:[6]

> 1. That Defendants have not infringed the patents-in-suit because freshwater used in their processes may not have initial concentrations of calcium, magnesium and sodium of less than 2 mM;
>
> 2. That Defendants have not infringed because the salmon are changed by subsequent processes[7];

---

> to give light to the circumstances surrounding the origin of the subject matter sought to be patented.

*Apple Inc. v. Samsung Elecs. Co.*, 839 F.3d 1034, 1047 – 48 (Fed. Cir. 2016) (quoting *Graham v. John Deere Co.*, 383 U.S. 1, 17 – 18 (1966), and *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007)).

[5] This determination is without prejudice to Defendants' ability to assert that decisions made in the context of claim construction may preclude reliance on an opinion that conflicts with the Court's construction of the representative claims. For present purposes, the Court simply concludes that such arguments do not provide a persuasive basis to exclude the opinions based on an alleged discovery violation.

[6] Expert Report of Terrence M. Bradley, Ph.D. (ECF No. 258-9); Expert Rebuttal Report of Terrence M. Bradley, Ph.D. (ECF No. 258-10).

[7] *See* 35 U.S.C. § 271(g) (concerning importation into the United States of products that infringe a U.S. patent: "A product which is made by a patented process will, for purposes of this title, not be considered to be so made after … it is materially changed by subsequent processes ….").

3. That Defendants have not infringed because Plaintiffs did not notify feed manufacturers to stop selling feed containing 0.39% or more sodium and Defendants stopped buying Plaintiffs' SuperSmolt feed;

4. That Defendants have not infringed because Chilean coastal fjord waters do not meet the definition of seawater;

5. That the patents-in-suit are invalid based in part on eight prior art references first disclosed in Dr. Bradley's report; and

6. That the patents-in-suit are invalid because the SuperSmolt process taught in the patents does not work.

The Court is not convinced that the opinions fundamentally change the expert's opinion or constitute an improper supplementation of Defendants' responses to Plaintiffs' contention interrogatories. Instead, the opinions represent or constitute the continued development and modification of the expert's assessment and Defendants' contentions, and the disclosures do not involve unfair surprise or result in unfair prejudice. As in most cases, the parties' theories and arguments evolve with the information generated in discovery. Plaintiffs will have an opportunity to address the opinions in their reply expert report.

**C.    Plaintiffs' Motion to Strike the Expert Report of the Honorable Gerald J. Mossinghoff (ECF No. 264)**

Plaintiffs contend that the expert report of the Honorable Gerald Mossinghoff[8] should be stricken because Defendants did not disclose the report on or before the deadline to serve opening expert reports, and because the witness is not an expert on any of the technical issues in the case and cannot offer opinions on issues of law.

---
[8] Expert Report of the Honorable Gerald J. Mossinghoff (ECF No. 257-4).

Mr. Mossinghoff is an attorney and former patent examiner, who previously served as Commissioner of Patents and Trademarks. Since January 1997, he has engaged in the private practice of intellectual property law in Alexandria, Virginia.

According to his report, Mr. Mossinghoff "expect[s] to testify, both at deposition and at trial, on the rules and procedural requirements governing the filing and prosecution of patent applications in the USPTO and the grant of U.S. patents by the USPTO, and on the duty of candor and good faith that those substantively involved in the preparation and prosecution of a patent application owe to the USPTO." (Expert Report of the Honorable Gerald J. Mossinghoff ¶ 4.)

The balance of his report includes a "general overview of patent examination procedures," a description of the patent prosecution history for the patents-in-suit, an overview of the "duty of candor and good faith to the USPTO," a description of the "broadest claim" in each of the patents according to Defendants' expert, Dr. Bradley, an excerpt of Dr. Harris's deposition testimony, and a concluding statement Mr. Mossinghoff understands that Dr. Bradley will express the opinion that "the examiners at the Patent Office would not have found the claimed inventions new and patentable, had [the] information [discussed in the Harris deposition excerpt] been disclosed." (*Id.* ¶ 39.)

Defendants disclosed Mr. Mossinghoff's report on the deadline established for rebuttal reports. Plaintiffs argue that Mr. Mossinghoff's proposed testimony is intended to support Defendants' recently proposed inequitable conduct counterclaim, and that the report therefore should have been disclosed as a report on matters for which Defendants bear the burden of proof at trial.

Although Defendants argued that Mr. Mossinghoff's designation was appropriate regardless of the Court's ruling on the motion to amend their answer to assert a counterclaim based on Plaintiffs' alleged inequitable conduct, the Court is not convinced that Mr. Mossinghoff's proposed testimony constitutes rebuttal testimony on the issue of infringement. Rather, Mr. Mossinghoff's testimony is relevant to Defendants' allegation of inequitable conduct.[9] Insofar as the Court only recently granted Defendants leave to assert an inequitable conduct claim, Defendants' designation of Mr. Mossinghoff on that issue cannot be deemed untimely. (Decision and Order, ECF No. 282.) That is, given that the claim of inequitable conduct was just added, Plaintiffs cannot persuasively argue that Defendants did not timely designate Mr. Mossinghoff as an expert witness on the inequitable conduct issue.

Plaintiffs also argue that the proposed expert testimony is irrelevant because Mr. Mossinghoff does not address any of the technical patent issues in the case and because there is no need in the case for testimony from a "legal expert." "The Federal Circuit, which regularly hears questions of patent law, 'has on numerous occasions noted the impropriety of patent lawyers testifying as expert witnesses and giving their opinion regarding the proper interpretation of a claim as a matter of law, the ultimate issue for the court to decide.'" *Tafas v. Dudas*, 511 F. Supp. 2d 652, 661 (E.D. Va. 2007) (quoting *Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*, 122 F.3d 1040, 1042 (Fed.

---

[9] Arguably, Mr. Mossinghoff also could provide a background explanation regarding the prosecution of the patents-in-suit.

Cir. 1997). Furthermore, a legal expert should not be permitted "to testify about what conclusion to reach on the issue of inequitable conduct, including any opinions as to breach of the duty of disclosure, intent to deceive, or materiality." *Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*, No. 2:07-08108, 2014 WL 12586105, at *10 (C.D. Cal. Jan. 3, 2014). In addition, the expert will not be permitted to instruct the fact finder on the applicable law. *Id.* However, a patent lawyer may serve as an expert witness for purposes of describing PTO practices and procedures. *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1361 n.2 (Fed. Cir. 2008). In appropriate circumstances, such testimony may include case-specific "background information" regarding the prosecution of the patents-in-suit. *Alfred E. Mann Found. for Sci. Research*, 2014 WL 12586105, at *9.

On the current record, particularly given Defendants' anticipated amended counterclaim, the Court cannot discern whether Defendants intend to offer Mr. Mossinghoff to testify to matters for which legal experts are typically precluded from testifying in patent cases. The Court, therefore, will deny the motion subject to Plaintiffs' ability to renew the motion after further development of Mr. Mossinghoff's testimony.[10]

## CONCLUSION

Based on the foregoing analysis, the Court denies Defendants' Motion to Strike New Contentions in [Steven H. Jury, Ph.D.'s] Reports (ECF No. 259), denies Plaintiffs' Motion

---

[10] Plaintiff has requested reconsideration of the Decision and Order on Defendants' Motion to Amend Answer (ECF No. 282), through which decision and order the Court granted Defendants leave to assert the inequitable conduct counterclaim. (Motion for Reconsideration, ECF No. 285.) The Court recognizes that in the event the Court reconsiders Defendants' ability to assert the counterclaim, the Court likely will have to revisit whether Mr. Mossinghoff was designated timely as an expert witness, and whether Mr. Mossinghoff's testimony would be relevant to any of the pending claims or defenses.

to Strike Portions of the Reports of Terrence M. Bradley, Ph.D. (ECF No. 263), and denies without prejudice Plaintiffs' Motion to Strike the Expert Report of the Honorable Gerald J. Mossinghoff (ECF No. 264).

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of August, 2017.