UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARICAL INC., et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:14-cv-00366-JDL |
| | ) | |
| COOKE AQUACULTURE INC., et al., | ) | |
| | ) | |
|     Defendants | ) | |

**ORDER ON MOTIONS TO SEAL**

This matter is before the Court on two Motions to Seal Defendants' Amended Answer and Counterclaims.[1] (ECF Nos. 338 and 342). Through the motion, Defendants ask the Court to seal the amended answer and counterclaim with the understanding that redacted versions of the amended answer and counterclaim (ECF Nos. 339, 343) would be available on the public docket. In the publicly-filed documents, Defendants have evidently redacted information that has been designated by one or more parties as confidential or highly confidential in accordance with the confidentiality order (ECF No. 44) issued in this case.

Upon review of the motions and after consideration of the relevant issues, the Court grants in part the motions.

---

[1] After Defendants filed the motion to seal the original amended answer and counterclaim (Motion, ECF No. 338), and following a hearing with the Court regarding the scope of the counterclaim, Defendants filed a modified amended answer and counterclaim with a motion to seal. (Motion, ECF No. 342.)

**Discussion**

When the Court considers a motion to seal, the Court must be mindful that the law recognizes a presumption "of public access to judicial proceedings and records." *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013). As the First Circuit has acknowledged, however, "[t]hough the public's right to access is vibrant, it is not unfettered. Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." *Id*. at 59 (quoting *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)). In its assessment of a request to seal, the Court is required to "carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case." *Id*.

In this case, Defendants propose to redact significant portions of the amended answer and counterclaim, including assertions that appear to be material to the asserted claims and defenses. While the confidentiality order permits the parties to designate materials as confidential during the discovery process in order to facilitate discovery, the parties' designations do not control whether a document filed with the Court should be sealed. The Court recognizes that in some instances, it might be appropriate to seal certain information, including some sensitive proprietary information. Here, the bases for the request to seal much of the redacted information are not evident to the Court. In other words, the "important countervailing interests" that might "overwhelm the usual presumption" of public access to much of the redacted information are not readily apparent. *Kravetz*, 706 F.3d at 52

The Court, therefore, will require Defendants, after consulting with Plaintiffs, to file a modified redacted version of the amended answer and counterclaim with a supporting motion in which Defendants explain the bases for the proposed redactions. Alternatively, Defendants may file an un-redacted version of the amended answer and counterclaim.

**Conclusion**

Based on the foregoing analysis, the Court will grant in part the motions to seal. (ECF Nos. 338, 342.) The un-redacted versions of the amended answer and counterclaim shall be sealed. Within 14 days of the date of this Order, Defendants, after consulting with Plaintiffs, shall file a modified redacted version of the amended answer and counterclaim with a supporting motion in which Defendants explain the bases for the proposed redactions. Alternatively, Defendants, with Plaintiffs' agreement, may file an un-redacted version of the amended answer and counterclaim.

**NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of June, 2018.

3