UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARICAL, INC., et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 1:14-cv-00366-JDL |
| | ) | |
| COOKE AQUACULTURE, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

# DECISION AND ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION

On July 31, 2017, the Court granted Defendants' Motion for Leave to Amend Their Answer (Motion, ECF No. 214), to permit Defendants to add an affirmative defense and supplement their counterclaim to allege that the four patents-in-suit are unenforceable under the doctrines of inequitable conduct and infectious unenforceability. (Decision and Order, ECF No. 282; Order [Overruling Objection], ECF No. 329.) Specifically, the Court permitted Defendants to assert a claim of inequitable conduct related to the tryptophan content in prior art fish feed, but not related to the sodium chloride content in prior art feed.

The matter is before the Court on Defendants' Motion for Reconsideration. (ECF No. 360.) The Court denies Defendants' motion.

# BACKGROUND[1]

On March 24, 2002, a patent examiner with the United States Patent Office (PTO) rejected all pending claims under the judicially created doctrine of nonstatutory double patenting, citing prior patent number 6,337,391, and explained that "the claims if allowed, would improperly extend the 'right to exclude' already granted in the ['391] patent." (Proposed Am. Ans. ¶ 16; *see also* ECF No. 214-2.) Subsequently, Plaintiffs overcame the office action, and secured the patents-in-suit, by explaining that the patents differed from the '391 Patent because the newly claimed methods involved a "specially made feed" containing NaCl and "at least one PolyValent Cation Sensing Receptor (PVCR) Modulator (e.g., an amino acid)," which were teachings not disclosed in the '391 Patent. (ECF No. 214-4.) Defendants sought leave to amend their answer to assert counterclaims of inequitable conduct and infectious unenforceability, based on their contention that Plaintiffs' representation concerning the "specially made" nature of their feed was not accurate. (Motion to Amend Answer, ECF No. 214.)

In its Decision and Order, the Court explained that it granted Defendants' request to amend to assert the inequitable conduct counterclaim based on tryptophan content because of the potential finding that the failure to disclose nutritional "requirements" related to the tryptophan content of salmon feed was a material nondisclosure, given that the reference may have permitted the patent examiner to conclude that the "requirements"

---

[1] The following background is a relatively brief summary of the issue. A more extensive overview is set forth in the following Orders: Decision and Order on Defendants' Motion to Amend Answer, ECF No. 282; Decision and Order of Plaintiffs' Motion for Reconsideration and Request for Clarification, ECF No. 309; Order [Overruling Objection], ECF No. 329.

of prior art salmon feed come within the amino acid limitation stated in the patent applications.

The Court did not permit Defendants to amend the answer to assert the inequitable conduct counterclaim based on sodium chloride content, however, because one of the references disclosed by Plaintiffs was sufficient to inform the examiner of prior art teaching sodium chloride additions to salmon feed within the sodium chloride limitation stated in the patent applications.

In their amended answer and counterclaim, Defendants asserted:

> "With respect to the patents-in-suit, all prior art feeds contained sodium chloride."

(Am. Compl., Defenses ¶ 32, Ninth Counterclaim ¶ 120, Tenth Counterclaim ¶ 140, ECF No. 349.) In their response to the counterclaim, Plaintiffs stated:

> "Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore deny the same. …"

(Answer, ECF No. 350.)

According to Defendants, Plaintiffs' response constitutes "new evidence" and thus good cause to petition the Court to reconsider the decision to deny Defendants' request to assert an inequitable conduct claim based on the sodium chloride content of prior art feed. Defendants' contend reconsideration is warranted because Dr. William Harris, the lead inventor of the patents-in-suit, testified that "all" prior art feeds contain some amount of sodium chloride, and Plaintiffs did not admit that fact in response to Defendants' allegation in the counterclaim.

## DISCUSSION

To prevail on their motion for reconsideration, Defendants must demonstrate (1) the existence of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Corp.*, 121 F. Supp. 3d 201, 217 (D. Me. 2015). Even if Defendants cannot meet this standard, interlocutory orders remain open pending final judgment and the Court therefore has "wide discretion" to revisit prior interlocutory rulings. *Mumme v. U.S. Dep't of Labor*, 150 F. Supp. 2d 162, 165 (D. Me. 2001); *see also Geffon v. Micrion Corp.*, 249 F.3d 29, 38 (1st Cir. 2001).

Defendants' argument for reconsideration is unpersuasive. While Plaintiffs' response to the counterclaim might generate questions as to whether Plaintiffs intend to assert a different position than they asserted previously, the response does not constitute new evidence regarding the substantive representation made during the patent process. Plaintiffs' answer regarding "all prior art feeds" thus is not new evidence. Furthermore, while a Court may revisit a prior order based on a showing of changed circumstances, *David C. v. Leavitt*, 242 F.3d 1206, 1210 (10th Cir. 2001), Plaintiff's response does not constitute a change that warrants reconsideration of the Court's prior order. Instead, to the extent Plaintiffs assert a position in motion practice or at trial that is inconsistent with Plaintiffs' prior position during the litigation, a prior order of the Court, or the premise of any order of the Court, the Court can adequately address the issue (e.g., preclude Plaintiffs from asserting the positon) if it arises. In short, Plaintiffs' response does not warrant reconsideration of the Court's order on Defendants' motion to amend.

## CONCLUSION

Based on the foregoing analysis, the Court denies Defendants' Motion for Reconsideration. (ECF No. 360.)

## **NOTICE**

Any objections to this Decision and Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of November, 2018.