UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARICAL INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:14-cv-00366-JDL |
| | ) | |
| COOKE AQUACULTURE INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

### ORDER ON MOTION TO OVERRULE CONFIDENTIALITY DESIGNATION AND MOTION TO ALLOW DISCLOSURE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION TO DEFENDANTS' EXPERT

In discovery, pursuant to the Consent Confidentiality Order entered in this case (Order, ECF No. 44), Plaintiffs and Defendants have designated certain documents as either "confidential" or "highly confidential." The designations limit the parties' use of and ability to disclose the documents and the information in the documents.

By motion, Plaintiffs ask the Court to reduce Defendants' designation of Defendants' experts' opinions from "highly confidential" to "confidential" (Plaintiffs' Motion, ECF No. 380); Defendants request authority to disclose information designated by Plaintiffs as "confidential" to one of its expert witnesses, Ronald Hardy, Ph.D. (Defendants' Motion, ECF No. 382).

Following a review of the relevant portions of the record, and after consideration of the parties' arguments, the Court grants the motions.

## Discussion

The party seeking to maintain its confidentiality designation "has the burden to show good cause" for the designation. *Consent Confidentiality Order*, ¶ 8(c); *Sea Hunters, LP v. S.S. Port Nicholson*, No. 2:08-cv-272-GZS, 2014 WL 2117358 (D. Me., May 21, 2014). "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986).

### A. Plaintiffs' Motion

Plaintiffs ask the Court to reduce from "highly confidential" to "confidential" certain portions of the designated expert witnesses' opinions regarding royalty base and total damages, which opinions are included as exhibits to Plaintiffs' motion. (ECF Nos. 381-2, 381-3, 381-4, 381-5.) Plaintiffs' counsel seeks the modified designation in order to share the opinions with their clients to allow their clients "greater ability to participate in [the] management of this case, including formulating a settlement offer." (Plaintiffs' Motion at 2.) Under the terms of the Consent Confidentiality Order, "confidential" information may be shared with "in-house personnel" (i.e., client representatives), while "highly confidential" may not be shared with "in-house personnel." *Confidentiality Order*, ¶ 5. Defendants contend the "highly confidential" designation is appropriate and should remain particularly given that the information includes the number of fish raised by Defendants.[1]

---

[1] In this action, Plaintiffs allege that Defendants produce and import salmon raised by methods that infringe United States Patent No. 6,463,883, United States Patent No. 6,475,792, United States Patent No. 6,481,379,

2

Whenever a court assesses whether to issue or modify a confidentiality order, the court must balance one party's need for certain information to prosecute or defend a case with legitimate concerns about the disclosure of proprietary information. *Silversun Indus., Inc. v. PPG Indus., Inc.*, 296 F. Supp. 3d 936, 944 (N.D. Ill. 2017). Here, Plaintiffs do not seek to remove the confidential designation entirely. Rather, Plaintiffs' counsel asks the Court to reduce the designation on certain portions of the opinion evidence in order to share the information with their clients. First, while the opinions are informed by confidential and perhaps proprietary information, the actual opinions are not proprietary. Furthermore, a party's ability to make fundamental decisions in the defense or prosecution of a claim is unquestionably compromised if the party is unable to review the expert opinions upon which the parties rely to support their respective positions. The Court, therefore, is unpersuaded by Defendants' contention that the "highly confidential" designation for the expert opinions is warranted.

**B. Defendants' Motion**

Defendants request an order that permits the disclosure of documents designated by Plaintiffs as "highly confidential" and "confidential" to one of Defendants' expert witnesses, Ronald Hardy, Ph.D. Citing what Plaintiffs describe as Dr. Hardy's continuing relationships with "multiple fish feed manufacturers and feed ingredient suppliers," Plaintiffs contend the disclosure would generate the risk of inadvertent disclosure or

---

and United States Patent No. 6,564,747, which patents-in-suit teach methods for raising pre-adult anadromous fish. (Complaint, ECF No. 1.)

inadvertent misuse of the information by Dr. Hardy. (Plaintiffs' Response at 2, ECF No. 396.)

The District of Vermont effectively summarized a court's obligation when determining whether confidential information should be disclosed to experts.

> To resolve a dispute over disclosure of confidential information to experts, courts "balance the movant's interest in selecting the consultant most beneficial to the case, considering the specific expertise of this consultant and whether other consultants possess similar expertise, against the disclosing party's interest in protecting confidential commercial information from disclosure to competitors." *BASF Corp. v. United States,* 321 F. Supp. 2d 1373, 1378 (C.I.T. 2004); *accord Rice v. United States,* 39 Fed. Cl. 747, 750 (1997) (court must "balance the need of one litigant to access proprietary information in order to present his case, and the potential that irreparable harm may be suffered by the disclosing party.")

*Nellson N. Operating, Inc. v. Elan Nutrition, LLC*, 238 F.R.D. 544, 546 (D. Vt. 2006).

Expert witnesses in most, if not all, commercial cases are likely working, either directly or indirectly, in the industry at issue. The risk of inadvertent disclosure, as described by Plaintiffs, is thus likely present in most every case. The Court is not persuaded that disclosure of the information to Dr. Hardy presents an increased risk of inadvertent disclosure of the information. Accordingly, consistent with a party's right to retain expert witnesses the party believes will assist in the prosecution or defense of a case, Defendants are authorized to disclose the information designated as "highly confidential" and "confidential" to Dr. Hardy.

**Conclusion**

Based on the foregoing analysis, the Court grants Plaintiffs' Motion to Decrease Defendants' Designation of Expert Opinions. (ECF No. 380.) The exhibits attached to

Plaintiffs' motion (ECF Nos. 381-2, 381-3, 381-4, 381-5) shall be designated as "confidential." The Court also grants Defendants' Motion to Allow Disclosure of Confidential and Highly Confidential Information to Defendants' Expert Ronald W. Hardy, Ph.D. (ECF No. 382.)

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of December, 2018.