# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| MARICAL, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:14-cv-00366-JDL |
| | ) | |
| COOKE AQUACULTURE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANTS' OBJECTION TO ORDER GRANTING PLAINTIFFS' MOTION TO LOWER CONFIDENTIALITY DESIGNATION

The Plaintiffs moved to reduce the confidentiality designations of both parties' expert opinions related to the royalty base and damages from "Highly Confidential" to "Confidential" (ECF No. 380), as those terms are defined by the parties' Consent Confidentiality Order (ECF No. 44). This redesignation would permit Plaintiffs' counsel to provide the documents to certain in-house personnel who have executed an acknowledgment and agreement to be bound by the Consent Confidentiality Order, which the Plaintiffs claim is necessary for them to fully participate in their case and to prepare for mediation. On December 3, 2018, Magistrate Judge John C. Nivison granted the motion (ECF No. 422). The Defendants objected to the order (ECF No. 435).

In their objection, the Defendants proposed redactions to their expert reports. These redactions would protect information regarding the total number of fish the Defendants raise, which includes fish not alleged to infringe the patents-in-suit. The Defendants therefore contend that the redactions would protect information that is

irrelevant to the case but would still permit the Plaintiffs to share the royalty base information—the total number of allegedly infringing fish—with certain in-house personnel. *See* ECF Nos. 435-3, 435-4, 435-5, 435-6. The Defendants have subsequently submitted revised proposed redactions, ECF Nos. 445-1, 445-2, 445-3, 445-4, which expand those redactions and "more accurately reflect appropriate disclosure of information as set forth in Defendants' original objection." ECF No. 452 at 2. The Plaintiffs object to the Defendants' proposed revised redactions, but do not object to the Defendants' initial proposed redactions. *See* ECF No. 454 at 4. The Plaintiffs also do not object to redacting the salmon figure appearing at ECF No. 435-6 ¶ 462, line 6, which is redacted in the revised redactions but not in the original proposal. *See* ECF No. 454 at 2.

The Plaintiffs have separately filed under seal a proposed Exhibit A, ECF No. 443-1, which contains a table with the royalty base and corresponding damages range for the applicable geographic zones at issue, and which the Plaintiffs propose be designated "Confidential" and provided to certain in-house personnel. The Defendants object to this exhibit because of a sentence appearing below the table, which explains how the royalty base was calculated for certain geographic areas. ECF No. 456 at 2. That sentence, the Defendants claim, provides too much insight into the Defendants' non-infringing fish business. The Defendants also request certain revisions be made to the proposed Exhibit A. *See* ECF No. 452-3.

I conclude that the Defendants' initial proposed redactions, ECF Nos. 435-3, 435-4, 435-5, 435-6, with the added redaction noted above to ECF No. 435-6 ¶ 462, line 6, sufficiently protect the Defendants' business information that is not germane

2

to this case. I further conclude that the Plaintiffs may designate as "Confidential" the proposed Exhibit A (ECF No. 443-1) without revision, but with the stipulation by the parties, *see* ECF No. 453-1 at 4, that the footnotes are provided for reference only without redesignation of the confidentiality level for the paragraphs cited therein.

Accordingly, the Defendants' objection (ECF No. 435) is **GRANTED IN PART** and the Magistrate Judge's Order (ECF No. 422) granting the Plaintiffs' motion to reduce confidentiality designations is therefore **MODIFIED** to reflect the above provisions.

The docket of this case, and the filings related to the issues addressed by this order, reflect that the parties have had varied degrees of success in working together to streamline the presentation of this case and resolve their procedural disputes. Counsel are reminded of the Court's obligation, which they share, "to secure the just, speedy and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

**SO ORDERED.**

**Dated this 18th day of January, 2019.**

                                                **/s/ JON D. LEVY**
                                       **CHIEF U.S. DISTRICT JUDGE**